IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JMO Wind-Down, Inc., | ) | Case No. 16-10682 (BLS) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| JMO WIND DOWN LIQUIDATING TRUST | ) | |
| | ) | |
| Plaintiff, | ) | Adversary No. 17-51042 (BLS) |
| | ) | |
| v. | ) | |
| | ) | |
| DANIEL MATTES, THOMAS KASTENHOFER, CHAD STARKEY, AMPALU INVESTMENT GMBH, and KTI PRIVATSTIFTUNG, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF JMO WIND DOWN LIQUIDATING TRUST'S
MOTION TO ENFORCE SETTLEMENT AGREEMENT WITH DANIEL MATTES**

Plaintiff JMO Wind Down Liquidating Trust (the "**Liquidating Trust**"), by and through its undersigned counsel, hereby moves this Court for an order to enforce the settlement agreement with Daniel Mattes.[1]  In support thereof, the Liquidating Trust respectfully states as follows:

## I.    INTRODUCTION

████████████████████████████████████████████████████

████████████████████████████████████████████████████

---

[1] ████████████████████████████████████████████████████
████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████

███████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████

███████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████

6.    ████████████████████████████████████████

██████████████████████████████████████████████

---

[2] As set forth in the Plan (as defined below), at Article VIII, Section B (titled "Global Settlement"), "After extensive negotiations among the Debtor, the Equity Committee, AH and Mr. Saverin, the parties reached a global settlement which provides for sufficient funds to consummate this Plan and allow for the consensual and expedited winddown of the Debtor's estate and distribution to holders of Allowed Claims and Interests (the "**Global Settlement**")", and then set forth the specific terms of the Global Settlement, including the distribution of proceeds of the "Retained Cause of Action" (which would include the instant lawsuit).

███████████████████████████████████   Accordingly, the Liquidating

Trust has brought this Motion to enforce the June Settlement Agreement.

### III.   JURISDICTION AND VENUE

7.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334.  Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8.     This matter involves core proceeding pursuant to 28 U.S.C. § 157(b) as it concerns, *inter alia*, proceedings affecting the liquidation of the assets of the estate, avoidance of purportedly fraudulent transfers, and interpretation and enforcement of the Court's orders as to which this Court retained exclusive jurisdiction pursuant to Article XI of the *Second Amended Plan of Liquidation of JMO Wind Down, Inc. Pursuant to Chapter 11 of the Bankruptcy Code* [Dkt. No. 433] (the "**Plan**"), and Paragraphs NN and 46 of the *Findings of Fact, Conclusions of Law, and Order Confirming the Second Amended Plan of Liquidation of JMO Wind Down, Inc. Pursuant to Chapter 11 of the Bankruptcy Code and Approving the Disclosure Statement on a Final Basis* [Dkt. No. 482] (the "**Confirmation Order**"),

9.     The statutory basis for the relief requested herein is Section 105 of Title 11 of the United States Code.

### III.   RELEVANT BACKGROUND





[redacted]

[redacted]

[redacted]

---

3 [redacted]

4 [redacted]

5 [redacted]

70761767.1



[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]



[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]



[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]







[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

6 [redacted]

7 [redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

# IV.    LEGAL STANDARDS

**A.    This Court has jurisdiction over a dispute among the parties regarding whether there is an enforceable settlement agreement.**

26.    "An agreement to settle a lawsuit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing." *In re Filene's Basement*, Case No. 11-13511-KJC, 2014 WL 1713416, at *5 (Bankr. D. Del. Apr. 29, 2014) (*citing Green v. John H. Lewis & Co.*, 436 F.2d 389, 390 (3rd Cir. 1970)).

27.    "The authority of the trial court to enforce a settlement agreement has as its foundation the policy favoring the amicable adjustment of disputes and the avoidance of costly and time-consuming litigation."    *Id.*    A court has the inherent authority to enforce settlement agreements in a case pending before it.  *Read v. Baker*, 438 F.Supp. 732, 735 (D.Del. 1977).

28.    "The obligation to remain bound by a valid agreement of settlement duly entered into by counsel with the authority of his client is one which pervades the law."    *Good v. Pennsylvania R.R. Co.*, 384 F.2d 989, 990 (3rd Cir.1967).

**B.    Delaware contract law governs enforceability of settlement agreements.**

29.    Settlement agreements are contracts, and therefore the principles of contract law govern the enforceability and construction of these agreements.  *Tedesco Mfg. Co., v. Honeywell, Int'l, Inc.*, 127 Fed. App'x. 50, 52 (3rd Cir. 2005); *Parker-Hannifin Corp. v. Schlegel Electronic materials, Inc.*, 589 F.Supp.2d 457, 461 (D. Del. 2008).

30.    The contract law of the state that has the most interest in the dispute governs the enforceability of a settlement agreement.    Therefore, under applicable choice of law rules, Delaware law governs and provides the guidance as to whether a contract was formed.  *Parker-Hannifin Corp.*, 589 F.Supp.2d at 461.

**C.      Standards of Review; Evidentiary Hearing**

31.     The standard of review for motions to enforce settlement is similar to the standard applicable for motions for summary judgment.  *Leonard v. Univ. of Del.*, 204 F.Supp.2d 784, 786 (D.Del. 2002) (*citing Tiernan v. Devoe*, 923 F.2d 1024, 1031–32 (3rd Cir.1991)).  Therefore, the court must employ a similar standard of review.  *Id.*

32.     A court may grant summary enforcement if the pleadings and admissions on file, along with any affidavits, show that the moving party is entitled to judgment as a matter of law.  *Parker-Hannifin Corp.*, 589 F.Supp.2d at 461.  The Court will view all of the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion.  *Id.*

33.     But the mere existence of some evidence in support of the nonmoving party will not be sufficient for denial of a motion for summary enforcement of a settlement agreement; rather, there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue.  *Id.*  If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law.  *Id.*

34.     Where material facts concerning the existence or terms of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing.  *Tiernan*, 923 F.2d 1024.  On the other hand, no hearing is necessary where there is no dispute as to the existence of a settlement.  *Id.*

**D.      Requirements for Finding the Existence of an Enforceable Settlement Agreement**

35.     This Court must apply a two-step analysis to determine whether an enforceable settlement agreement exists: (1) whether the communications meet the three requirements for a valid express contract—offer, acceptance, and consideration; and (2) whether an objective

13

reasonable negotiator, in light of all the circumstances, would conclude that the parties intended to be bound by their agreement on the essential terms. *Parker-Hannifin Corp.*, 589 F.Supp.2d at 461.

36.    "A contract is enforceable and contains all essential terms when it establishes the heart of the agreement." *Id.* But it need not contain all terms, and some terms may be left for future negotiation. *Maya Swimwear Corp. v. Maya Swimwear, LLC*, 855 F.Supp.2d 229, 234 (D.Del. 2012) (citing *Parker-Hannifin Corp.*, 589 F.Supp.2d at 463).

37.    A settlement may be enforced even if there are some gaps or matters left for future negotiation, so long as all essential terms are present. *Id.* (*citing Loppert v. WindsorTech, Inc.*, 865 A.2d 1282, 1285 (Del. Ch. 2004). Emails are sufficient to establish the terms of an enforceable settlement agreement, and a formal written agreement is not necessary to bind the parties to settlement unless there is a showing that the settlement was contingent upon execution of a formal agreement. *Maya Swimwear*, 855 F.Supp.2d at 235-6; *Endo Pharms. Inc. v. Mylan Pharms Inc.*, C.A. No. 11-717-RMB, 2014 WL 2532179, at *10 (D. Del. Apr. 8, 2014, unsealed June 2, 2014) (holding the same in the context of enforcing an oral settlement agreement).

## V.    ARGUMENT

**A.**    ██████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

████████████████████████

██████████████████████████████

██████████████████████████████████

██████████████████████████████████

[redacted]

[redacted]

[redacted]

[redacted]



[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]



[redacted]

70761767.1

████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████

54.    ████████████████████████████████████████████████

████████████████████████████████

## VII.    CONCLUSION

55.    The settlement agreement between Mr. Mattes and the Liquidating Trust must be enforced by this Court.    ████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████

56.      In the event that the Court determines that material facts concerning the existence or terms of the settlement agreement are in dispute, then the Liquidating Trust requests and evidentiary hearing.  *See Tiernan*, 923 F.2d 1024.  On the other hand, no hearing is necessary where there is no dispute as to the existence of a settlement.  *Id.*

WHEREFORE, the Liquidating Trust respectfully requests that this Court enter an order as follows:

(a)      granting this Motion in its entirety; or, in the alternative, in the event that the Court determines that material facts concerning the existence or terms of the settlement agreement are in dispute, then scheduling this Motion for an evidentiary hearing;

(b)      enforcing the June Settlement Agreement against Mattes;

(c)      granting the Liquidating Trust its attorneys' fees and costs in connection with the prosecution of this Motion; and

(d)      granting the Liquidating Trust such other and further relief as the Court deems just and proper under the circumstances.

*[signature page follows]*

20

Dated: October 21, 2019
      Wilmington, Delaware

**POLSINELLI PC**

Christopher A. Ward (Del. Bar No. 3877)
Shanti M. Katona (Del. Bar No. 5352)
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801
(302) 252-0920
cward@polsinelli.com
skatona@polsinelli.com

-and-

Randye B. Soref (admitted *pro hac vice*)
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 203-5367
rsoref@polsinelli.com

-and-

James P. Martin (admitted *pro hac vice*)
100 S. Fourth St., Suite 1000
St. Louis, MO 63102
(314) 889-8000
jmartin@polsinelli.com

*Attorneys for JMO Wind Down Liquidating Trust*

70761767.1