# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JMO Wind-Down, Inc., | ) | Case No. 16-10682 (BLS) |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| JMO WIND DOWN LIQUIDATING TRUST | ) ) | |
| | ) | |
| Plaintiff, | ) | Adversary No. 17-51042 (BLS) |
| | ) | |
| v. | ) | |
| | ) | |
| DANIEL MATTES, THOMAS KASTENHOFER, CHAD STARKEY, AMPALU INVESTMENT GMBH, and KTI PRIVATSTIFTUNG, | ) ) ) ) ) | **Re: Adv. Docket Nos. 70 and 90** |
| | ) | |
| Defendants. | ) | |

## DEFAULT JUDGMENT AGAINST DEFENDANT DANIEL MATTES

Upon consideration of the Motion for Finding of Spoliation of Evidence and for Sanctions [Adv. D.I. 70] (the "**Motion**") filed by Plaintiff JMO Wind Down Liquidating Trust (the "**Liquidating Trust**"), any opposition or objection thereto, and the Liquidating Trust's reply thereto, and following this Court's hearing on the Motion for Sanctions held on January 19, 2021 (the "**Hearing**"), and Defendant Daniel Mattes ("**Defendant**") having had the opportunity to appear at the Hearing and having appeared at the hearing through his counsel of record, and following this Court's Opinion on the Motion for Sanctions [Adv. D.I. 90] (the "**Opinion**"), the terms, findings, and conclusions of which are incorporated here by reference,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The Liquidating Trust's Motion is granted;

76603554.7

2

2. The United States Bankruptcy Court for the District of Delaware had proper jurisdiction over the above-captioned adversary action (the "**Adversary**") and the Motion pursuant to 28 U.S.C. §§157 and 1334;

3. Defendant was properly served with the summons and complaint initiating the Adversary [Adv. D.I. 4] and filed an Answer [Adv. D.I. 22], and Defendant was properly served with the Motion [Adv. D.I. 70];

4. Defendant had the opportunity to and did defend himself in the Adversary and against the Motion by and through his counsel of record [Adv. D.I. 4, 22, 72, 81];

5. Pursuant to Federal Rule of Civil Procedure 37(e)(2)(C), made applicable in these proceedings pursuant to Federal Rule of Bankruptcy Procedure 7037, and in light of Defendant's conduct and the circumstances described in the Opinion, Default Judgment is hereby entered in favor of the Liquidating Trust and against Defendant on all Counts asserted against Defendant in the Liquidating Trust's First Amended Complaint, and this Default Judgment includes an award of monetary damages in favor of the Liquidating Trust and against Defendant in the amount of $16,820,233.84;

6. The effect of this Default Judgment is to render each of the Liquidating Trust's well-pleaded allegations of fact in the Amended Complaint as admitted and further bars Defendant from contesting on appeal the facts thus established;

7. The Liquidating Trust alleged in its Amended Complaint that Defendant secretly sold 4,062,856 shares of Jumio Common stock for $16,820,233.84 from a period ranging from 2014 to 2016, in violation of binding corporate governance documents and in intentional, bad faith breach of the fiduciary duties Defendant owed to Jumio. [Adv. D.I. 12, at <u>Exhibit A</u> thereto, pp. 24-26 & 41-42 (Am. Compl., ¶¶ 90-99 & 167-170, and <u>Exhibit G</u> attached thereto); *see also* Adv. D.I. 22 (Mattes' Answer at ¶¶91-92)];

8. Such amount reflects the disgorgement damages component sought by the Liquidating Trust for all amounts received personally by Defendant incidental to his breaches of fiduciary duty, breaches of the duty of loyalty and good faith and fair dealing, in the conduct of his actions at issue in this case, as more fully set forth in the Liquidating Trust's Supplemental Rule 26 Disclosures, which were served on October 29, 2020. [See Adv. D.I. 71]. Proof that Defendant received such amount in connection with such sales was attached to the Amended Complaint in the form of a stock sale ledger. [Adv. D.I. 12, at Exhibit A thereto, pp. 142-44 (Am. Compl., Ex. G); *see also* Adv. D.I. 12, at Exhibit A thereto, pp. 24-25 (Am. Compl., ¶¶ 91-92); Adv. D.I. 22 (Mattes' Answer at ¶¶91-92)];

9. This Judgment shall become immediately due and payable by Defendant upon the Court's entry, with post-judgment interest accruing at the applicable federal rate under 28 U.S.C. § 1961, from the date of this Judgment's entry by the Court, until the Judgment is paid and satisfied in full.

Dated: February 25th, 2021
Wilmington, Delaware

BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE